**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cleveland Maxwell, Appellant.

Appellate Case No. 2024-001125

Appeal From Allendale County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2026-UP-322
Submitted June 1, 2026 – Filed July 1, 2026

**AFFIRMED**

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, for Respondent.

**PER CURIAM:**  Cleveland Maxwell appeals his conviction for first-degree assault and battery and sentence of ten years' imprisonment.[1]  On appeal, Maxwell argues the trial court abused its discretion in not instructing the jury on the lesser-included offense of second-degree assault and battery.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in refusing to instruct the jury on second-degree assault and battery as a lesser-included offense of attempted murder because there was no evidence to support a rational inference that Maxwell committed only the lesser offense.  *See State v. McGowan*, 430 S.C. 373, 379, 845 S.E.2d 503, 505 (Ct. App. 2020) ("An appellate court will not reverse a [trial] court's decision regarding a jury instruction unless there is an abuse of discretion."); *State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011))); *State v. Williams*, 427 S.C. 148, 156, 829 S.E.2d 702, 706 (2019) ("In reviewing jury charges for error, [the appellate courts] examine the trial court's charge as a whole in light of the evidence and issues presented at trial."); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense."); *Williams*, 427 S.C. at 156, 829 S.E.2d at 706 ("In determining whether the evidence requires a charge on a lesser-included offense, [appellate courts] view the facts in the light most favorable to the defendant.").  Maxwell was charged with attempted murder after he fired his gun at least five times at the victim while the victim and their infant child were in a car. Neither the victim nor their infant child was injured; however, the bullets struck the driver's side door of the victim's car.  *See* S.C. Code Ann. § 16-3-29 (2015) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder."); S.C. Code Ann. § 16-3-600(D)(1)(a) (2015) ("A person commits the offense of assault and battery in the second degree if the person unlawfully . . . attempts to injure another person with the present ability to do so, and . . . moderate bodily injury to another person . . . could have resulted. . . ."); S.C. Code Ann. § 16-3-600(D)(3) (2015) (providing that assault and battery in the second

---

[1] On appeal, Maxwell does not challenge his convictions for domestic violence of a high and aggravated nature and discharging a weapon into an occupied vehicle, nor the concurrent sentences imposed of ten years' imprisonment for each of those convictions.

degree is a lesser-included offense of assault and battery in the first degree and attempted murder); *State v. Shank*, Op. No. 28328 (S.C. Sup. Ct. filed May 6, 2026) (Howard Adv. Sh. No. 17 at 27) (holding that because there was no evidence to support "a rational inference that [the defendant] committed only the lesser offense, the trial court properly refused the requested charge"); *State v. Middleton*, 407 S.C. 312, 319, 755 S.E.2d 432, 436 (2014) (finding the evidence could only be construed as showing the defendant was attempting to kill the car's occupants when the defendant approached a stopped car and repeatedly fired his gun into the occupied car).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.